**Neal J. CAMPBELL, Appellant,**

v.

**Jerome J. STEDELIN, Respondent.**

**No. 56343.**

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1972.

Tenney, Dahman & Mathewson, and William R. Kirby, St. Louis, for appellant.

Cook, Murphy, Lance & Mayer, Robert J. Koster, St Louis, for respondent.

STOCKARD, Commissioner.

Plaintiff brought suit to recover on an alleged oral contract for professional services. The case, tried before the court without a jury, resulted in a judgment for defendant, and plaintiff has appealed. At the time the notice of appeal was filed appellate jurisdiction was in this court by reason of the amount in dispute. Pursuant to Art. V, § 31, Constitution of Missouri, V.A.M.S., this court retains jurisdiction.

In 1951 the Glueck Realty Company, owned by defendant and members of his family, transferred a tract of land in downtown St. Louis to Ambassador Garage Company. In 1962, plaintiff, a consulting engineer, showed defendant a model of a garage he had designed, and defendant indicated that he knew of a site where that particular type of garage could be built. He requested and was given a set of "prints" which he showed to Clarence M. Turley, Sr., an officer of Ambassador Garage Company, who expressed an interest in them. At the time Mr. Turley was considering the construction of a parking garage on the property previously acquired from Glueck Realty Company, to be leased to Stix, Baer and Fuller department store. Defendant later told plaintiff that Mr. Turley was interested in having him design a parking garage if he was willing to gamble on the project being approved and accepted by Stix, Baer and Fuller and by Equitable Life Assurance Society, from whom the financing was to be obtained, and if the project carried through plaintiff was to be the consulting engineer and receive a fee of five per cent of the total construction cost. Plaintiff called Mr. Turley by telephone and obtained confirmation of this proposal.

Plaintiff prepared various sketches, or what were referred to as "functional drawings," and through defendant they were delivered to Mr. Turley who in turn consulted with representatives of Stix, Baer and Fuller. Changes were made in the drawings, some at the suggestion of Mr. Turley and some at the suggestion of defendant, who was manager of one or more parking garages and not without experience in the design of such garages. After a number of sketches had been rejected, defendant brought Mr. Richard Rich, a person experienced in parking garage construction, to see plaintiff. Apparently the pur-

pose was to see if some new ideas could be worked out. Subsequently, some type of arrangement was made with National Garages, with whom Mr. Rich was associated. It appears that this was done at the insistence of Stix, Baer and Fuller, and Mr. Turley and plaintiff agreed between themselves to share the fee to be paid to National Garages.

During this general period of negotiations Stix, Baer and Fuller was acquired by Associated Dry Goods, and at some stage consideration was given to increasing the area upon which the garage was to be built to include what was referred to as the Stern property. Plaintiff was not asked to prepare sketches for a garage which included that additional property.

A parking garage was subsequently built by Enco, Inc. on an area including the land previously acquired by Ambassador Garage Company from Glueck Realty Company and the Stern property. Enco, Inc. had been formed by Mr. Rich after terminating his association with National Garages. The garage which was constructed was not built according to any plans or drawings prepared by plaintiff.

When plaintiff found that Enco, Inc. was employed to construct the garage, he sought an explanation from Mr. Turley, and at some stage of these conversations Mr. Turley offered to pay plaintiff for his services then performed. Plaintiff refused this offer and demanded the full five per cent of the total construction cost of the garage. Plaintiff also made a complaint to the State Board of Registration for Architects and Professional Engineers, and in his complaint he stated that "he was at said time retained by one Clarence Turley" as the engineer on the parking garage project. At the hearing on the complaint plaintiff testified that he told Mr. Turley that he "wanted the fee he [Turley] agreed to pay."

Plaintiff pleaded and contended at trial that he had entered into an oral contract with defendant to prepare the sketches for the parking garage, and that he was to be paid five per cent of the total cost of the project, if constructed, whether or not his plans were used. He further contends that defendant acted as agent for an undisclosed principal, but he does not contend that the undisclosed principal was Mr. Turley. It is not clear as to whom he contends was the principal, but it apparently was the Ambassador Garage Company or another corporation controlled by Mr. Turley.

The trial court found that "The defendant, Jerome J. Stedelin, Jr., did not enter into an oral contract, individually or as an agent for an undisclosed principal, with plaintiff, whereby the defendant agreed to retain plaintiff as a professional engineer on the garage project mentioned in the evidence, at a fee of five per cent (5%) of the total cost of said project."

Plaintiff has briefed the contention that an agent for an undisclosed principal may be held personally liable for a breach of the contract, and defendant does not disagree with the cases cited by plaintiff. The parties are not in dispute as to the applicable law, and the determinative issue is not a legal one, but it is factual only; that is, did plaintiff enter into an oral contract with defendant on behalf of an undisclosed principal, as plaintiff claims?

As the result of our de novo review of the record in this court-tried case, we are of the opinion that defendant did not enter into a contract with plaintiff pertaining to the construction of the parking garage as an individual, or on behalf of an undisclosed principal. Defendant's contacts and dealings with plaintiff were as an agent, or as he expressed it, as a messenger, for Mr. Turley, and that relationship was known to plaintiff. If there was an oral contract, an issue we do not decide, it was between plaintiff and Mr. Turley, but not between plaintiff and defendant. We reach the same result as did the trial court.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.